It is, therefore, ordered, adjudged and decreed, that the WESTERN DIST.
judgment of the District Court be avoided and reversed, and  *August*, 1834.
that the plaintiff recover of the defendant and appellant the MARY, f. w. c.
sum of three hundred and fifty-six dollars, with costs in the MORRIS ET ALS.
District Court; those of the appeal to be paid by the plaintiff
and appellee.

MARY, f. W. C. *vs.* MORRIS ET ALS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

In a conflict of laws between two states, where a testator in Georgia
    bequeathed to certain of his slaves their freedom, to take effect five years
    after his death, and before the expiration of the five years the testamen-
    tary executor brings the slaves to Louisiana, and it is shown that at the
    time of the *bequest* of freedom, the laws of Georgia prohibited the manu-
    mission of slaves, except by application to the legislature: *Held*, that the
    bequest in the will being prohibited by the laws of the state where it was
    made, *is null and void*.

The bequest of liberty to slaves which is made in contravention of the law
    of a state, enacted for the security of the public peace, and good order of
    the community, is absolutely null and void; and such slaves do not *ipso
    facto* become free under the will, on being brought to this state, where
    slavery is tolerated, but in which slaves may be manumitted by will.

In a suit for freedom, when the question is *libera vel non*, and the plaintiff,
    being, from her color and the possession of the defendant, presumed
    to be a slave, the burden of proving freedom devolves on the plaintiff.

This is an action in which the plaintiff claims her freedom.
She alleges that she was held in slavery in 1809, in the
state of Georgia, by one John Marshall, who in a clause of
his will made that year, provided that she should be free on

the first day of January, 1815. The following is the clause under which she claims her freedom:

" Conscientiously believing that civil and religious liberty is the natural right of all men, it is my will, that Jude and her two children, *Mary* and Ellender, with all she may have, and William, be put into the possession of my daughter Merriam Morris, on the first day of January next (1810), to serve her for the space of five years from said date, *and only five years:* then, it is my will, that the said Jude and the above named servants be set free, and they are hereby declared free after serving *said term of time.*" The will is dated "17th March, 1809."

That the said Merriam Morris never informed her of her freedom under said will, but her and her husband brought her to the state of Louisiana, and held her in slavery until the death of the husband, Gerard Morris; and that she was sold by the administrator of Morris's estate, by public act passed before a notary public in the parish of St. Helena, to Jerry Morris, who died in the parish of East Baton Rouge, and that she and her five children are now detained *in slavery* by the defendant, Leroy C. Morris. She prays for judgment, declaring herself and her five children to be free persons of color; that the succession of Morris be decreed to pay her two thousand dollars in damages, for the illegal detention of her and her children in slavery; and fearing she may be taken from the jurisdiction of the court, she prays that she and her children be sequestered.

The defendant pleaded a general denial; and averred that the clause of the will under which the plaintiff claims her freedom, is utterly null and void by the laws of Georgia; that by the laws of that state, a slave could be made free only by legislative act on the application of the owner.

The defendant, in a supplemental answer, alleged that Mary and her two children, Gerard and William, were adjudicated to Jerry Morris, whose estate he administers, for the price of nine hundred dollars, at the probate sale of the succession of Gerard Morris. He cites the heirs of G. Morris in warranty.

The warrantors answered, denying the plaintiff's demand, and also denying that they were liable in warranty, &c.

The plaintiff proved the allegations in her petition, leaving the authority to be set free under the laws of Georgia, to be contested.

The defendants introduced in evidence an authenticated copy of the laws of Georgia, passed in 1801, relating to the manumission of slaves, and also prohibiting it in any other mode, under a heavy penalty, than by application to the legislature of the state.

The will under which the plaintiff claims, was duly admitted to probate in Georgia, and proved and admitted to record in this state.

The district judge was of opinion, that slaves, being passive in their situation and character, it was the duty of the executor to see the will executed agreeably to the intention of the testator, which he viewed in the light of a contract for freedom; that there could be no doubt under the laws of this state, where she now seeks to enforce it, she is entitled to her freedom: and it also appears, that since the date when she was entitled to her freedom, she has had five children, now living, who are also entitled to their freedom. Judgment was rendered, declaring Mary and her five children free and emancipated. Judgment was also rendered against the warrantors for the price which these persons sold for at probate sale, viz: nine hundred dollars, &c.

The warrantors appealed. In the answer to the appeal by the defendant, administrator of L. C. Morris, &c. he prays the judgment to be corrected.

1. He joins the warrantors in praying for a reversal of the judgment.

2. That it may be corrected, by allowing interest on the price of said slaves, paid to the warrantors, &c.

*Brunot*, for the plaintiff.

*R. & A. N. Ogden*, *contra*.

18

WESTERN DIST.    *Mathews, J.*, delivered the opinion of the court.

*August*, 1834.

MARY, f. w. c.    In this case, the plaintiff claims her freedom under the will
vs.           of a certain John Marshall, of the state of Georgia.

MORRIS ET ALS.    The answer denies the right of freedom claimed, and
alleges that the testator could not, according to the laws of
Georgia, manumit his slaves ; all owners of this kind of

In a conflict of property being prohibited by the statutes of that state, under
laws between severe penalties, from executing any act of manumission or
two states, where
a testator in in any other manner giving freedom to their slaves, without
Georgia, be-   an act of the legislature authorising such freedom. Judgment
queathed to cer-
tain of his slaves was rendered in favor of the plaintiff in the court below, from
their freedom, to
take effect five which the defendant appealed.
years after his    The only question which the cause presents, arises out of
death, and be-
fore the expira- a conflict between the laws of the state where the testator
ration of the five
years, the testa- resided before his death, and where his succession was opened
mentary execu-
tor brings the by probate of the will, and the bequest of freedom in favor of
slaves to Louisi- certain slaves named in said will, amongst which was the
ana, and it is
shown that at the plaintiff.
time of the be-
quest of freedom    These laws are prohibitory, and had relation to the peace
the laws of Geor- and good order of the community, for the government of
gia prohibited
the manumission which they were enacted. They inhibit absolutely all owners
of slaves, ex-
cept by applica- of slaves within the limits of the state, from doing any act
tion to the legis- giving liberty to their slaves, and prohibit them from grant-
lature: Held;
that the bequest ing freedom in any manner whatsoever, except by application
in the will, be-
ing prohibited to the legislature for that purpose. The law particularly
by the laws of
the state where applicable to the present case, was enacted in 1801. The
it was made, is will and its probate bears date in 1809. The fourth clause
null and void.
The bequest of this will purports to give freedom to the plaintiff absolutely,
of liberty to after the expiration of five years from the death of the testator.
slaves, which is
made in contra- This bequest was made in contravention of a prohibitory law;
vention of the it was in derogation of a law made in relation to the peace
law of a state,
enacted for the and good order of the community, and was, consequently,
security of the
public peace, absolutely null and void in the state where the law was in
and good order
of the communi- force. The plaintiff remained a slave so long as her owner
ty, is absolutely kept her in that state, and certainly could not *ipso facto*
null and void;
and such slaves become free by being removed to this, wherein slavery is also
do not *ipso facto*
become free un- tolerated.

The judgment of the court below, seems to be based on the ground of negligence in the testamentary executors, in not applying to the legislature of Georgia for leave to emancipate the slaves who were freed by the will of John Marshall. This was not a duty imposed on them by express terms of the will, and even if it had been, it is by no means clear that their conduct could in any manner affect the rights which vested in Mrs. Morris, the daughter of the testator, under his will; and by the laws of the state of Georgia, considering the donation of liberty by the testament as absolutely void.

The evidence shows, that the defendant claims title as derived from her. The main question in the case is, in relation to the plaintiff, *libera vel non*. Being from color and actual possession of the defendant, presumed to be a slave, the burden of proving her freedom devolved on her; in which we are of opinion she has failed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court rendered in this case, against both the defendant and his warrantors, be a~~~~~~~ reversed and annulled; and it is further ordered, adjudged and decreed, that the defendant be maintained and quieted in his possession of the plaintiff as a slave, and her child~~~~~~~~ recover the costs of this suit in both courts.

WESTERN DIST.
*August*, 1834.

MARY, f. w. c.
*vs.*
MORRIS ET ALS.

der the will, on being brought to this state, where slavery is tolerated, but in which, slaves may be manumitted by will.

In a suit for freedom, when the question is *libera vel non*, and the plaintiff being from her color and the possession of the defendant, presumed to be a slave, the burden of proving freedom, devolves on the plaintiff.

LIBRARY